Matthias, J.
The question of law presented in this appeal involves the determination of the meaning of the words, “usual course of the taxpayer’s business,” found in Section 5366, General Code, as applied to á sale of securities by an executrix in the process of the settlement of the estate.
*119 In the determination of this question, the following parts of Section 5366, General Code, are pertinent:
“ ‘Taxable property,’ when used without other qualifying or limiting words, includes all the kinds of property, excepting real property, mentioned in Sections 5328 and 5328-1 of the General Code, and also the amount or value as of the date of conversion of all taxable property within the year preceding the date of listing, and on or after the first day of November converted into bonds or other securities not taxed, and of all other taxable property within that time, and after the date as of which deposits are required to be listed, converted into deposits, otherwise than in the» usual course of the taxpayer’s business to the extent he may hold or control such bonds, securities or deposits on such day, without deduction for indebtedness created in the purchase of such bonds or securities from his credits; but said term does not include such investments and deposits as are taxable at the source as provided in chapter four of this title, nor surrender values under policies of insurance.
“ ‘Taxpayer’ means any owner of taxable property and includes first, every person residing in, or incorporated or organized by or under the laws of this state, or doing business in this state, or owning or having a beneficial interest in taxable personal property in this state, excepting in each instance, those hereinafter expressly excluded; and, second, every fiduciary required by this chapter to make return for or on behalf of another. * * *
i i # # #
“ ‘Fiduciary’ includes executors, administrators, parents, guardians, receivers, assignees, official custodians, factors, bailees, lessees, agents, attorneys and employees; but such term does not include trustees unless the sense requires that it shall do so.”
The basis for the tax assessment herein is indicated *120 by Section 5411-1, General Code, wherein it is provided that on a day in November, to be selected by the Tax Commission (commissioner), all bank deposits are assessed. The evident purpose of this method is to prevent removal of deposits on tax listing day.
It is clearly provided in Section 5366, General Code, that, where other taxable personal property is converted into money, except in the usual course of business, between tax listing day for bank deposits and the day of listing of such other personal property, J anuary 1st of the succeeding year, such property is considered taxable property as of the value thereof at the time of the conversion into money.
In this case both the Tax Commissioner and the Board of Tax Appeals held that the sale of the securities involved herein was not in the usual course of business and, therefore, constituted such a conversion as to render the proceeds thereof taxable. Such conclusion was based upon the broad principle that the purpose of Section 5366, General Code, is to tax the substance of any such conversion by a taxpayer within the prohibited period, whether the purpose of the conversion was tax evasion or the ultimate effect of an innocent conversion led to the same end, and thus insure that no property subject to tax will be allowed to escape its burden of the tax load.
However, it seems clear also that the exception specifically stated has some meaning and purpose. A conversion occurring in the usual course of business is expressly excepted and property so converted is not to be taxed. Taxpayers engaged in retail merchandising annually convert much of their inventory into cash within the prohibited period, and the merchandise thus sold escapes the tax in the hands of the purchaser. Hence in construing and applying this statute the legislative purpose to except the proceeds of such transactions, which are in the usual course of business, *121 must be considered as an intended exception of otherwise taxable property.
The plaintiff was a taxpayer as that word is defined in Section 5366, General Code. She was a taxpayer of the class referred to in the paragraph defining taxable property and, therefore, the conversion resulting from the sale of the securities of the estate was under her administration in the usual course of her business as executrix. The executrix was endeavoring to act in obedience to the statutory requirement that estates shall be administered expeditiously.
Except in those instances where an executor is engaged in carrying on the business of the decedent, the primary duty of the executor is to marshal the assets of the decedent, reduce them to cash and make distribution thereof. Such transactions are clearly within the usual course of business required of an executor or administrator.
We hold, therefore, that the sale of the securities of the Guentter-Reinhard Company by the executrix in the usual and normal course of the administration of the estate was a transaction in the usual course of business of such executrix and the proceeds thereof were within the exception stated in Section 5366, General Code.
The decision of the Board of Tax Appeals being unreasonable and unlawful, the same is hereby reversed.

Decision reversed.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman and Stewart, JJ., concur.